# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CHRISTOPHER MOLINA KUILAN,**

**Plaintiff,**

**v.** **Case No: 6:16-cv-444-Orl-41KRS**

**DRAGON HOTEL MANAGEMENT, LLC and SUSANA WONG,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 26)** |
| **FILED:** | **September 1, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On March 9, 2016, Plaintiff Christopher Molina Kuilan initiated this case by filing a complaint against Defendants Dragon Hotel Management, LLC, and Susana Wong. In the complaint, Plaintiff asserted that Defendants failed to properly pay overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1.

On July 18, 2016, the parties filed a motion indicating that they had settled this case, and requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 24. The motion was denied because the settlement agreement submitted contemplated that it could be modified by the parties. Doc. No. 25.

On September 1, 2016, the parties filed the above-captioned renewed motion for settlement approval. Doc. No. 26. They attached to the motion a fully executed copy of a revised settlement agreement, which does not include a modification provision. Doc. No. 26-1 (the "Revised Settlement Agreement"). In their motion the parties stipulate to an Order approving their settlement, and dismissing this case with prejudice. Doc. No. 26, at 1.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III. ANALYSIS.**

*A. Whether Plaintiff Compromised His Claim.*

Under the Revised Settlement Agreement, Defendant will pay a total of $5,750.00. Doc. No. 26-1, at 1. Of that amount, Plaintiff will receive $3,000.00, and Plaintiff's counsel will receive $2,750.00. *Id.*

In his answers to the Court's interrogatories, Plaintiff estimates he is entitled to $3,595.80 in wage damages, plus attorney's fees and costs. Doc. No. 20, at 4. In his complaint Plaintiff also asserted that he is entitled to liquidated damages. Doc. No. 1, at 6. Because Plaintiff will receive less than the amount to which he claims he is entitled under the FLSA, he has compromised his claims within the meaning of *Lynn's Food*.

*B. Whether the Settlement Amount Is Fair and Reasonable.*

Because Plaintiff has compromised his claims, the Court must, under *Lynn's Food*, evaluate whether the Settlement Agreement is fair and reasonable. Through counsel, the parties represent that "there exist *bona fide* disputes regarding liability and damages." Doc. No. 26, at 2. More specifically, the parties disagree as to whether Plaintiff was misclassified as an exempt employee, and, consequently, whether he is entitled to overtime compensation. Nevertheless, the parties reached a settlement upon consideration of the cost and uncertainty of continued litigation. *Id.*

These facts adequately explain the reasons for the compromise. Accordingly, I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

*C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorneys is reasonable, to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228. If the parties did not agree to the attorneys' fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach. *Id.*

Here, the parties represent that the attorneys' fees and costs were negotiated separately and without regard to Plaintiff's settlement. Doc. No. 26, at 7. Based on this representation, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel.

*D. Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here,

Plaintiff agreed to a release of "all claims for past wages, whether by contract, state law, federal law or common law against Defendants." Doc. No. 26-1, at 1.

Judges in this District appear to be split on whether this form of release is permissible in an FLSA case. *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding the release of wage claims under the FMWA and Florida Constitution, when the plaintiff raised claims only for unpaid overtime under the FLSA, made the release "per se unreasonable under *Lynn's Food* because it confer[red] an underserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"), *with Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011) (finding that a release provision that was limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011). The presiding District Judge in this case has held that a release of all past wage claims does not undermine the fairness of an FLSA settlement. *Batchelor v. Gen. Maritime Corp.*, No. 6:15-cv-2082-Orl-41KRS, Doc. No. 28.

Accordingly, if the Court concludes, as it did in *Batchelor*, that that the release is permissible in scope, I recommend that the Court find that the settlement is a fair resolution of Plaintiffs' FLSA claims. Alternatively, if the Court concludes that the release is impermissible in scope, I recommend that the Court deny the motion.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that, if the Court concludes that the release does not undermine the fairness of the settlement, it do the following: **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA; **GRANT in**

**part** the Joint Motion for Approval of Settlement (Doc. No. 26); **DECLINE** to retain jurisdiction to enforce the settlement agreement;[2] and **DISMISS** this case with prejudice, and thereafter **DIRECT** the clerk of Court to close the case.

Alternatively, if the Court finds that the release undermines the fairness of the settlement, I **RECOMMEND** that the Court deny the instant motion.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 12, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

[2] The parties do not explicitly request that the Court retain jurisdiction to enforce the Settlement Agreement. Nevertheless, I recommend that the Court decline to retain jurisdiction to avoid a later dispute regarding whether approval of a settlement agreement in an order dismissing the case constitutes retention of jurisdiction. *See, e.g., Warren v. Pepin & Pearl, Inc.*, No. 8:09-cv-2153-T-17EAJ, 2010 WL 4513424, at *1-2 (M.D. Fla. Nov. 2, 2010).